208 A.2d 379.
HANAN KAROLIK *vs.* HENRY HIXON MEYER *et al.*

MARCH 18, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J.  This is a petition under G. L. 1956, §9-21-6, for leave to file out of time because of accident, mistake or unforeseen cause an appeal from a decree of the Newport probate court admitting to probate the last will and testament of Maxim Karolik.

The sworn petition was supplemented by affidavits furnished by petitioner, and respondent also furnished affidavits in opposition.

It appears that petitioner, who is seventy-four years of age and speaks very little English, was at his home in Haifa, Israel, when his brother, the above-named testator, died suddenly on December 20, 1963. His will was offered for probate on January 6, 1964, and on January 8 the co-executor Henry Hixon Meyer wrote to petitioner informing him of his brother's death, that notice of probate proceedings would be duly forwarded, and that the will contained no provision regarding petitioner.

It is undisputed that petitioner did not receive this information prior to his leaving Israel on December 31, 1963 for a visit with his daughter in Peru; that his itinerary included stopping off in the United States for a visit with his brother in Boston; that on arrival in that city on January 16, 1964 he learned for the first time of his brother's death on December 20, 1963; that he thereupon talked by telephone with an assistant cashier at the respondent bank but apparently because of language difficulties the conversation was unsatisfactory; and that he then called on Edward S. Gerber, a Boston attorney, to assist him in getting further details regarding the death of his brother and certain personal possessions. It is also undisputed that on the same or the following day attorney Gerber called the respondent bank informing an official thereof that he had been retained

by petitioner, and requested a copy of the brother's will which on January 17, 1964 was forwarded to the attorney.

The petitioner alleges, however, that without seeing a copy of the will he left Boston on January 17 for New York City, where he called upon another attorney, Murray Koenig. On January 27, 1964, Ralph H. Bickford, an assistant cashier of the respondent bank, received a letter from the New York attorney advising that he had been retained by petitioner and requesting the names of the executors and their attorney. The following day Bickford sent the requested information and on January 30, 1964, respondent Meyer received a communication from attorney Koenig advising that he had been retained to represent petitioner's interest in the brother's estate and requesting a copy of the will. A copy thereof was forwarded to Mr. Koenig on January 31, 1964 together with the information that the will had been allowed by the Newport probate court on January 30, 1964.

On January 7, 1964 W. Ward Harvey, one of Newport counsel for the executors, mailed written notice of the pendency of the probate proceedings to petitioner and all known heirs. This notice, however, was sent to petitioner at his home in Israel and was not delivered to him until March 6, 1964 in Lima, Peru, where he was residing with his daughter. This was the first written notice that petitioner received regarding the probate of his brother's will, but there were still four days remaining before the forty-day appeal period expired. The letter mailed by the executor informing petitioner that he would soon receive notice that the will had been filed for probate was also delivered in Lima, Peru, but on March 30, 1964, almost three weeks after the time for taking an appeal had passed.

It is established that on April 10, 1964 petitioner wrote to Meyer stating that he had just received notice that the will was to be filed for probate, that he had been ill, and

asked for an appointment in Boston some time during the early part of May. Meyer promptly answered and advised petitioner that he would be in Boston May 5 through May 8 and suggested that when petitioner arrived there he should call and make an appointment. At a conference on May 6 petitioner asked Meyer to represent him but being an executor the latter understandably declined.

In summary, petitioner further states that he had helped Maxim to become an opera singer; that Maxim had been supporting him since 1944 and was indeed his only support; that his brother would never have executed a will without making provision for petitioner; that no inventory has yet been filed; and that granting the petition would in nowise impose a hardship on respondents.

In support of his prayer that this court should exercise its discretion and in the exercise thereof grant leave to file a claim of appeal out of time for accident, mistake or unforeseen cause, petitioner cites and relies on a number of decisions of this court. Among these cases are *Haggelund v. Oakdale Mfg. Co.,* 26 R. I. 520, *Donahue v. R. A. Sherman's Sons Co.,* 39 R. I. 373, *Pino v. Habisch,* 45 R. I. 46, *DiBenedetto v. Capone,* 48 R. I. 14, *David v. David,* 47 R. I. 139, *Kassar v. Ambaragocy,* 69 R. I. 414, and *Podrat v. Frank,* 76 R. I. 19.

We have carefully read all of the cited cases and others, including a number in which the petition was denied, because this court recognizes that the exercise of discretion favorably to the petitioner must rest on the circumstances of each case, *Donahue v. R. A. Sherman's Sons Co., supra,* and it is by an analytical comparison of the circumstances in a given case with those in previous decisions of the court that a just determination can be reached.

Analyzing then the circumstances of each case wherein this court has been moved to grant such a petition as here presented, we find therein some facts or fact of persuasive

force that is totally absent in the instant case. There had been in such cases either a complete lack of actual notice that probate proceedings were pending until after the appeal period had passed, error attributable to the probate court, diligence that was unavailing because of circumstances beyond the petitioner's control, delay and confusion occasioned by war, or conduct by other heirs who stood to gain by misleading the petitioner. No such motivating factors are present in the instant cause.

Here petitioner learned of his brother's death two weeks before the will was admitted to probate and on the same day engaged counsel. Although this attorney immediately obtained a copy of the will, petitioner left Boston and traveled to New York where he engaged additional or other counsel, again before the will had been admitted to probate. Although he does not tell us of the full turn that his conversation took with either attorney, from their resulting conduct it is reasonable to infer that he discussed possible rights that he might have in his brother's estate. That he did not wait to be fully apprised of all the facts and the legal steps to be taken constitutes either inexcusable negligence or irremediable indifference. Indeed four full days before the time for taking an appeal from the probate of the will had passed, petitioner had full knowledge that the will had been submitted for probate and that he was neither a devisee nor legatee thereunder. With an attorney in Boston and another in New York, either of whom would unquestionably have acted in time if promptly requested, petitioner apparently was content to wait for more than an additional month before acting and then consulted co-executor Meyer rather than one of the attorneys he had previously engaged.

In *MacNeil* v. *Morgan*, 73 R. I. 165, this court acknowledged that it had long been held that the statute on which the petitioner predicated his prayer for relief was remedial

and should be liberally construed, but also stated that recourse thereto was not available to one who slumbered on his rights. In our judgment the instant petitioner, considering the course of his conduct in the light of the knowledge possessed by him, has slumbered on his rights.

The prayer of the petition for relief is therefore denied.

*Alexander G. Teitz,* for petitioner.

*Sheffield & Harvey, W. Ward Harvey,* for respondents.